UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON JOHNSON,

    Plaintiff,

v.                                                                          Case No. 23-13251

ROCKET MORTGAGE, LLC,                              Honorable Sean F. Cox

    Defendant.

_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**AND GRANTING DEFENDANT'S**
**MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Acting *pro se*, Plaintiff filed this action against Defendant.  Soon thereafter, Plaintiff obtained a Clerk's Entry of Default, and then attempted to obtain a twenty-seven million dollar default judgment from the Clerk of the Court, who denied that request.  The matter is now before the Court on: 1) Plaintiff's motion seeking reconsideration of the denial of his requested default judgment from the Clerk of the Court; and 2) Defendant's motion seeking to set aside the Clerk's Entry of Default.  The Court concludes that no hearing is necessary as to either motion.  For the reasons that follow, the Court denies Plaintiffs Motion for Reconsideration and grants Defendant's Motion to Set Aside Clerk's Entry of Default.

**BACKGROUND**

Acting *pro se*, Plaintiff Davon Johnson filed this action against "Rocket Mortgage," on December 21, 2023.  (Compl., ECF No. 1).  Plaintiff asserts that this Court has federal question jurisdiction over this action, pursuant to 28 U.S.C. § 1331, and alleges that his claims arise under

12 U.S.C. § 504 and 28 U.S.C. § 373.  (*Id*. at 1-2).  In terms of the relief he seeks, Plaintiff's Complaint states that Plaintiff seeks twenty-seven million dollars "for breach of fiduciary duties."  (*Id*. at 6).

As of January 24, 2024, Defendant had neither appeared in this action or filed an Answer.  On January 24, 2024, Plaintiff requested, and obtained, a Clerk's Entry of Default.  (*See* ECF Nos. 9 & 10).

On January 25, 2024, Plaintiff requested that the Clerk of Court enter a default judgment in his favor, in the amount of twenty-seven million dollars for breach of fiduciary duties.  The Clerk of the Court denied that request, explaining that the amount requested cannot be verified by the Court.  (*See* ECF No. 12).

Thereafter, on January 30, 2024, Defendant appeared in the case and filed a motion seeking to set aside the Clerk's Entry of Default (ECF No. 14).  On that same day, Plaintiff filed a motion for reconsideration, asserting that his requested default judgment should have been issued.

Defendant's Motion to Set Aside Clerk's Entry of Default has been fully briefed by the parties and is ripe for a decision by this Court.

Pursuant to the Local Rules for the United States District Court for the Eastern District of Michigan, responses to motions for reconsideration are not allowed, unless the Court orders otherwise.  No response is needed.

## ANALYSIS

I.  **The Court Denies Plaintiff's Motion For Reconsideration Because The Clerk Of The Court Properly Denied His Request For A Default Judgment.**

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for a party to obtain a default judgment in a civil action.  In addition, there are some local rules that relate to

this two-step procedure. In any event, the first step is for the plaintiff to seek and obtain a Clerk's Entry of Default from the Clerk's Office.

The second step is for the plaintiff to seek a default judgment, either from: 1) the Clerk of the Court; or 2) the judge presiding over the case. Entry of a default judgment by the Clerk of the Court is permitted in only limited circumstances:

> Fed. R. Civ. P. 55(b)(1)
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). In *all other instances*, a default judgment must be directed to the judge presiding over the case at issue. Fed. R. Civ. P. 55(b)(2).

The Court denies Plaintiff's motion for reconsideration for lack of merit, because the Clerk of the Court properly denied Plaintiff's request for entry of a default judgment by the Clerk of the Court. A default judgment for the type of claim asserted by Plaintiff, and the damages requested in his Complaint, may only be issued by the Judge presiding over this case.

**II.    The Court Grants Defendant's Motion To Set Aside Clerk's Entry Of Default.**

The Court shall grant Defendant's Motion to Set Clerk's Entry of Default for at least two reasons.

First, although Defendant became aware of this case and has appeared in it, it does not appear that Defendant was properly served with the summons and complaint under the applicable court rules.

Second, even if it had been, Defendant has established that the Clerk's Entry of Default

should be set aside under the applicable standard.

Federal Rule of Civil Procedure 55© provides that "[f]or good cause shown the court may set aside an entry of default." When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1989).

Rule 55 "leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.* Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

Having reviewed Defendant's motion seeking to set aside the Clerk's Entry of Default entered against it, the Court concludes that it has met that standard.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion To Set Aside Clerk's Entry Of

Default (ECF No. 14) is GRANTED.

      IT IS SO ORDERED.

                                                      s/Sean F. Cox\
                                                      Sean F. Cox\
                                                      United States District Judge

Dated:  February 7, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or parties of record on February 7, 2024, by electronic and/or ordinary mail.

                                                      s/J. McCoy\
                                                      Case Manager