UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON JOHNSON,

    Plaintiff,

v().                                    Case No. 23-13251

ROCKET MORTGAGE, LLC,        Honorable Sean F. Cox

    Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**
**AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Acting *pro se*, Plaintiff filed this civil action against Defendant, asserting that this Court has federal-question jurisdiction over this case under 28 U.S.C. § 1331. The matter is currently before the Court on two motions: 1) Defendant's unopposed Motion to Dismiss Plaintiff's Second Amended Complaint; and 2) Plaintiff's opposed motion seeking leave to a file another amended complaint. The Court concludes that oral argument is not necessary and shall decide the motions without oral argument. *See* Local Rule 7.1. For the reasons set forth below, the Court GRANTS Defendant's motion seeking to dismiss Plaintiff's operative complaint (his Second Amended Complaint) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and DENIES Plaintiff's motion seeking leave to file another amended complaint.

**BACKGROUND**

Acting *pro se*, Plaintiff Davon Johnson filed this action against Defendant Rocket Mortgage, LLC on December 21, 2023, and paid the required filing fee.

The action was filed in federal court based upon federal-question jurisdiction under 28 U.S.C. § 1331. (*See* ECF No. 1 at PageID.3). Plaintiff filed a First Amended Complaint on February 9, 2024.

On February 15, 2024, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 22). In an order issued on February 16, 2024, this Court gave Plaintiff the option of filing a response to the pending motion or to file an amended complaint, in order to attempt to cure any pleading deficiencies. (ECF No. 23).

Plaintiff opted to file a Second Amended Complaint on February 27, 2024, and this Court dismissed Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as moot. (*See* ECF No. 26).

On March 11, 2024, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 27).

Without seeking leave to do so, on March 21, 2024, Plaintiff purported to file yet another amended complaint. This Court struck that filing in an order issued on April 4, 2024, that stated, in pertinent part:

> At this juncture, Plaintiff may only file another amended complaint with the consent of Defendant or leave granted by this Court. Without the consent of Defendant, and without having sought and obtained leave of this Court, however, Plaintiff filed a Third Amended Complaint on March 21, 2024. (ECF No. 29).
> The Court hereby STRIKES the unauthorized Third Amended Complaint from the docket. Plaintiff's Second Amended Complaint is the operative complaint in this action. IT IS FURTHER ORDERED that, if Plaintiff opposes the pending Motion to Dismiss, he must file any response to that motion within the time permitted under the local rules.

(ECF No. 31).

Plaintiff did not file any response to Defendant's pending Motion to Dismiss Plaintiff's Second Amended Complaint and time permitted for doing so has passed.

On April 12, 2024, Plaintiff filed a motion seeking leave to file another amended complaint, along with "Plaintiff's Proposed 4th Amended Complaint for Damages." (ECF No. 32). Defendant opposes Plaintiff's Motion to Amend.

## ANALYSIS

**I.     The Court Grants Defendant's Motion to Dismiss Plaintiff's Operative Complaint In This Case.**

At this juncture, the operative complaint in this case is Plaintiff's Second Amended Complaint. (ECF No. 24). Plaintiff filed this case in federal court, asserting that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.[1] Plaintiff lists the specific federal statutes or provisions under which his claims are brought as: "UCC 3," "12 USC 412," "12 USC 504," "Truth in Lending Act," and "4th Amendment of United States Constitution." (ECF No. 24 at PageID.206). His narrative statement of claim states that Plaintiff is suing Defendant for "Breach of Contract," "Breach of Fiduciary Duties," and "Violation" of the following statutes: "section 603 of the Uniform Commercial Code," "12 USC 412," 12 USC 504," and the "Truth in Lending Act." (ECF No. 24 at PageID.213). The "Relief Requested" portion of the Second Amended Complaint states that "Plaintiff demands judgment against Defendant for:"

1. Breach of Contract;
2. Breach of Fiduciary Duties;
3. Accouting [sic] off all debits, credits, assets and liabilities for accounts in Defendant's records;
4. Temporary injunction to stop Defendant from furnishing harmful information

---

[1]Plaintiff does not assert, and his complaints do not establish, that diversity jurisdiction exists.

      included in any consumer report regarding Plaintiff;
5.  Civil money penalty assessment according to 12 USC 504;
6. Compensatory Damages'
7. Punitive Damages;
8.  Pro Se Fees and Costs; and
9.  Any other relief the court deems just and proper.

(*Id.* at PageID.208).

Defendant's unopposed Motion to Dismiss asserts that this Court must dismiss Plaintiff's Second Amended Complaint for two reasons.  First and foremost, Defendant contends the Court must dismiss that complaint, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), because it fails to state a federal claim.  Defendant's brief explains that "[a]lthough Plaintiff lists multiple federal statutes he contends to be at issue in this case, he fails to allege facts establishing that any of those statutes are, in fact, at issue.  As such, Plaintiff fails to carry his burden to establish jurisdiction exists." (Def.'s Br. at 1).  Second, Defendant's motion asserts that the Second Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state any claim upon which relief can be granted.

The Court agrees with Defendant that Plaintiff's Second Amended Complaint must be dismissed for lack of subject matter jurisdiction.

Federal courts are "courts of *limited* jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added).

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction.  "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994).  A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule

12(b)(1) analysis. *Id."* *Cartright v.Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

Here, Defendant's motion makes a facial attack – challenging the sufficiency of the pleading (ie., the Second Amended Complaint.).

To determine whether federal-question jurisdiction exists, courts apply "the well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Moreover, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995) (internal quotation omitted); *see also Raymond v. Moyer*, 501 F.3d 548, 550 (6th Cir. 2007).

Plaintiff has not met his burden here as Plaintiff did not respond to Defendant's Motion to Dismiss his Second Amended Complaint.

Moreover, this Court agrees that Plaintiff's Second Amended Complaint fails to state a viable federal claim. While Plaintiff's operative pleading references various federal statutes, his Second Amended Complaint *lacks the requisite factual allegations* to state a claim under any of them.

II. **The Court Also Denies Plaintiff's Motion Seeking Leave To File Yet Another Amended Complaint In This Case.**

In his Motion to Amend (ECF No. 32), Plaintiff seeks leave to file his "Proposed 4th Amended Complaint" (ie., what would be his fifth complaint in this case). Plaintiff again seeks to assert his claims in federal court based upon federal-question jurisdiction under 28 U.S.C. §

1331.  (*Id*. at PageID.438).   Plaintiff's proposed amended complaint contains the following four counts: 1) "Breach of Contact" (Count 1); 2) "Breach of Fiduciary Duties" (Count 2); 3) a count seeking a "Civil Money Penalty" under the "Federal Reserve Act" cited as 12 U.S.C. 504, (Count 3); and 4) a count titled "18 U.S.C. 1348 (Securities and Commodities Fraud)" (Count 4).

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend his complaint again only with the opposing party's written consent or this Court's leave.   Fed. R. Civ. P. 15(a). Because Plaintiff's motion is opposed by Defendant, Plaintiff must obtain leave of this Court in order to amend again.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971).  Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). However, leave to amend a complaint "may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, futility of amendment, etc.' " *Id*. (emphasis in original) (quoting *Foman v. Davis, surpra*).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.*

Here, Defendant opposes Plaintiff's Motion to Amend on grounds of futility of the

requested amendments. Defendant also asserts that Plaintiff's "serial amendments are unduly burdensome and prejudicial" to Defendant. (Def.'s Br. at 9).

  A.  **Futility Of Amendment**

With respect to his proposed Fourth Amended Complaint, Plaintiff again seeks to bring his complaint in federal court based upon federal-question jurisdiction under 28 U.S.C. § 1331. This Court concludes that it would be futile to allow Plaintiff to file his proposed amended pleading because, like his current complaint, it does not state any *viable federal claim* against Defendant.

  1.  **Claim for Violation Of 12 U.S.C. § 504**

In opposing Plaintiff's Motion to Amend, Defendant asserts that Plaintiff's proposed amended pleading fails to state a claim against Defendant under 12 U.S.C. § 504. (Def.'s Br. at 8).

The Court agrees that Plaintiff's proposed amended pleading fails to state a claim against Defendant under 12 U.S.C. § 504.

Section 504 is part of the Federal Reserve Act. Under that act, officers and directors of banks within the Federal Reserve System are subject to various forms of civil and criminal liability for violations under the Act. Plaintiff's proposed amended complaint does not allege that Defendant is a bank that is governed under the Act.

Moreover, while the Federal Reserve Act imposes penalties on banks for an array of misconduct, the imposition of those penalties is carried out by federal officials, and private individuals do not a have private right of action to seek penalties under the act. *See, eg., Greathouse v. Hayes*, 2023 WL 6882227 at *2 (W.D. Mich. 2023) (collecting cases); *Lillacalenia v. Kit Federal Credit Union*, 2014 WL 3940289 at *2 (W.D. Ky. 2014).

### 2. Claim For Securities And Commodities Fraud

In opposing Plaintiff's Motion to Amend, Defendant asserts that Plaintiff's proposed amended pleading also fails to state a claim for securities and commodities fraud. (Def.'s Br. at 8-9).

This Court agrees that Plaintiff's proposed amended pleading fails to state a securities and fraud claim against Defendant under 18 U.S.C. § 1348, for the reasons explained by the district court in *Barringer:*

> Plaintiff appears to bring his claims against the defendant under 18 U.S.C. § 1348, which provides punishment of a fine or imprisonment for securities and commodities fraud. *See* 18 U.S.C. § 1348. Section 1348 is a criminal statute. It does not provide a private cause of action for civil plaintiffs. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right of action under federal criminal statutes); *Troyer v. Hershberger*, 2012 WL 488251, at *8 (N.D. Ohio) (no private right of action under 18 U.S.C. § 1348). And to the extent Plaintiff is attempting to bring criminal charges against the Defendant, he cannot proceed. Criminal actions in federal courts are initiated by the United States Attorney, not private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004).

*Barringer v. Ohio*, 2023 WL 8436437 at *2 (N.D. Ohio. 2023); *see also Hooker v. Hooker*, 2013 WL 12253554 at *5 (W.D. Tenn. 2013) (collecting cases).

### 3. Remaining State-Law Claims

The remaining counts in Plaintiff's proposed amended pleading (breach of contract and breach of fiduciary duties) are state-law claims. Thus, they do not provide this Court with subject matter jurisdiction under 28 U.S.C. § 1331.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend is DENIED based upon

futility of the proposed amendments.

       IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated:  May 29, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on May 29, 2024, by electronic and/or ordinary mail.

                                                  s/J. McCoy
                                                  Case Manager